Joseph Isabella, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued March 4, 1981, before Judges MENCER, ROGERS and MACPHAIL, sitting as a panel of three.

*John L. Walder,* for petitioner.

*Francine Ostrovsky,* Assistant Attorney General, with her *Richard Wagner,* Chief Counsel, and *Harvey Bartle, III,* Attorney General, for respondent.

OPINION BY JUDGE MACPHAIL, May 28, 1981:

This is an appeal by Joseph Isabella (Claimant) from a decision of the Unemployment Compensation Board of Review (Board), affirming the referee's denial of benefits on the basis of Claimant's willful misconduct.[1]

Claimant was last employed as an assistant manager by Burt's Shoe Store (Employer), a division of Edison Brothers Shoes. Claimant was employed by Employer for approximately one and one half years, at the final rate of $160.00 per week plus commission. On Claimant's last day of work, April 18, 1980, Claimant entered into a verbal confrontation with the store's manager, his immediate supervisor. The referee made further findings of fact regarding this incident:

---

[1] Section 402(e) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e), provides in relevant part:

An employe shall be ineligible for compensation for any week—

. . . .

(e) In which his unemployment is due to his discharge or temporary suspension from work for willful misconduct connected with his work. . . .

300

3. The claimant's supervisor had attempted to caution the claimant concerning his correctly counting stock received on the previous day.

4. In the process of the conversation, the claimant indicated that he was responsible for half of the store, and he did not wish to further discuss the situation.

5. The claimant then told the manager of the store that the daily deposit had not been made and he was, thereupon, instructed to make the deposit, in that it was his responsibility.

6. The claimant indicated that he was tired, his back was hurting him, and he asked the manager of the store to make the deposit.

7. The claimant was then instructed to make the deposit immediately in that it was his responsibility to do so.

8. The claimant then told the manager of the store to go to hell and that he would not make said deposit.

9. After a discussion with the regional manager between the manager of the store and the claimant, whereupon the claimant admitted to the incident, he was immediately discharged.

Claimant makes a general statement that the findings of the referee adopted by the Board are not supported by the evidence but Claimant only specifically disputes finding of fact No. 6. Claimant asserts there is no competent evidence on which to base a finding that Claimant refused the manager's request to make a bank deposit partially because he was *tired*. Claimant argues that his own competent testimony at the referee's hearing shows only that he refused to make the deposit because his *back hurt* him.

Although the segment of finding No. 6 which indicates Claimant used tiredness as an excuse may be in-

correctly based on uncorroborated hearsay, the remainder of finding No. 6—that Claimant's back hurt and that he asked the manager to make the deposit—*is* based on the competent evidence of Claimant's own testimony. We must determine then whether the major part of finding No. 6, together with the other nine findings of fact, which too are based on competent evidence, support a conclusion of willful misconduct. This issue is a matter of law for our review. *Murraysville Telephone Co. v. Unemployment Compensation Board of Review,* 41 Pa. Commonwealth Ct. 35, 398 A.2d 250 (1979).

"Willful misconduct" is established where an employee's behavior constitutes a wanton and willful disregard of the employer's interests or the deliberate violation of the employer's rules or the disregard of the standards of behavior which an employer can rightfully expect from his employee or negligence which manifests culpability, wrongful intent, evil design, or intentional and substantial disregard for the employer's interests or the employee's duties and obligations. *Kentucky Fried Chicken of Altoona, Inc. v. Unemployment Compensation Board of Review,* 10 Pa. Commonwealth Ct. 90, 309 A.2d 165 (1973).

The referee found (finding No. 8) that when Claimant was instructed by Employer's store manager to make a bank deposit, Claimant told the manager to "go to hell" and said that he would not take the deposit to the bank. At hearing, Claimant admitted that he made this statement to the manager.[2] This

_____

[2] Claimant's testimony was:

AC: Okay that morning Steve was, had to go to another store to count it in. Okay to count another manager in and I was at the other store by myself okay and I was checking in the shipment. And that day when Steve came in, it was about close to five o'clock or four. Okay I was sitting there doing the reports. Now he has stated there that I had my feet propped up and everything else. Now

Court has held that unprovoked abusive or offensive language may consitute willful misconduct, as a disregard of the standards of behavior rightfully expected of an employee. *Gallagher v. Unemployment Compensation Board of Review,* 42 Pa. Commonwealth Ct. 344, 400 A.2d 926 (1979).

The instances in which this Court has held that an abrasive, vulgar, or offensive remark does not constitute willful misconduct generally have been where the remark is justifiably provoked and is of a de minimis nature. *Costa v. Unemployment Compensation Board of Review,* 31 Pa. Commonwealth Ct. 7, 374 A.2d 1012 (1977). For example, in the case of *Horace W. Longacre, Inc. v. Unemployment Compensation Board of Review,* 12 Pa. Commonwealth Ct. 176, 316 A.2d 110 (1974), a supervisor had shouted an assignment to four employees as they began a scheduled work break and told them that, if they did not like it, they "could go home." The supervisor then grabbed claimant's arm and told her the assignment included her. The claimant advised the supervisor to "go to hell." The Court there held that the abusive language was justifiably provoked and thus did not constitute willful misconduct.

We must determine whether in this case Claimant's abusive remark was justifiably provoked.

---

that is insignificant but, you know, I had my feet on a ledge. There is a counter below and I am sitting there doing the reports for the week okay. And Steve asked me to go up to the bank. And I said Steve, would you go up for me because I hurt my back picking up the bags in the back. Okay now they are pretty heavy okay, maybe fifty, sixty pounds okay. And Steve said no, I won't. And I said, you know, I asked the guy to do it. I didn't, you know, tell him to do it because he is my boss. Okay and Steve said you go up and do it. And it was like, you know, I just turned around and *he had me so mad that I just told him to go to hell.* (Emphasis added.)

The record before us here gives us a relatively clear picture of the circumstances surrounding Claimant's statement. Claimant was being cautioned by his manager to be more accurate in his inventory count. The Claimant obviously did not take well to the criticism and did not want to discuss his count, so the manager dropped the subject. The manager then asked Claimant to make the bank deposit in accordance with his duties. Though Claimant's back may have hurt, it did not excuse the manner of his response to the manager's request to perform a simple task included within Claimant's ordinary job responsibilities. Claimant's remark was not justifiably provoked, was unnecessary and uncalled for, *Fields v. Unemployment Compensation Board of Review*, 7 Pa. Commonwealth Ct. 200, 300 A.2d 310 (1973), and it betrayed an attitude inimical to the Employer's interest. Claimant's remark was intentionally made in disregard of standards of behavior which an employer can rightfully expect from his employee. Therefore, we hold that Claimant's conduct in light of the surrounding circumstances constituted willful misconduct.

Because we find that the referee's correct conclusion of willful misconduct is supported by competent non-hearsay evidence, Claimant's second argument that the referee improperly denied him a right to object to certain hearsay evidence at the hearing is no longer relevant.

Accordingly, we affirm the Board's denial of benefits.

ORDER

AND Now, this 28th day of May, 1981, the order of the Unemployment Compensation Board of Review, dated July 16, 1980, denying benefits to Joseph Isabella, is hereby affirmed.

Judge WILKINSON, JR. did not participate in the decision in this case.