# Virginia Tomkus, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued March 3, 1982, before President Judge CRUMLISH and Judges BLATT and DOYLE, sitting as a panel of three.

*David L. Hill,* for petitioner.

*John Kupchinsky,* Associate Counsel, with him, *James K. Bradley,* Associate Counsel, and *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE BLATT, May 25, 1982:

The claimant, Virginia Tomkus, appeals a decision of the Unemployment Compensation Board of Review which adopted a referee's decision to deny her benefits under Section 402(a)[1] of the Law.

Keeping in mind our limited scope of factual review,[2] we believe that the following facts which were determined by the referee and adopted by the Board

---

[1] (Law) Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(a).

[2] Where, as here, the party with the burden of proof has not prevailed below, our scope of factual review is restricted to a determination of whether or not the Board capriciously disregarded

were made without capriciously disregarding competent evidence. The claimant was employed as a supervisor of keypunch operations and her last day of work was on July 25, 1980. She had a male friend, who worked in another department with the same employer,[3] who would visit her in her department and engage in conversations with her. On several occasions her immediate supervisor had warned the claimant that this employee was not to visit her department and that she was not to encourage him to do so by engaging in conversations with him during regular working hours. On July 24, 1980, the claimant's male friend appeared outside her department and she waved to him. The supervisor in charge immediately approached the friend and a discussion regarding his visits ensued. When the claimant took her regular break and went outside, she overheard her supervisor threatening the male employee with discharge. The claimant then repeatedly interrupted the dispute between her supervisor and the other employee, stating that inasmuch as her friend worked in another department, the supervisor had no authority to fire him. As a result of such interference and of her conversation with the male employee during regular working hours, she was discharged by her immediate supervisor on July 25, 1980. But, on July 30, 1980, the employer's personnel manager, on reviewing her discharge, felt that it was too harsh and contacted her and advised her that her conduct warranted only a three-day suspension and a warning. He then requested that she immediately return to work, but she retorted that she would not return unless she was paid for the three-day suspension, her record was cleared of the warning,

---

competent evidence in arriving at its findings. *Esper v. Unemployment Compensation Board of Review*, 64 Pa. Commonwealth Ct. 504, 440 A.2d 705 (1982).

[3] Proctor & Schwartz.

and she was guaranteed that no retaliation would be taken by her immediate supervisor. The personnel manager guaranteed that no retaliation would take place but refused to rescind the suspension and warning. The claimant then stated that she would refuse to return to work under these conditions.

Before us the claimant argues that the referee and the Board erred in applying Section 402(a) of the Law, and urges that Section 402(b)(1), 43 P.S. §802(b)(1), controls.

Section 402(a) applies to a claimant who was *unemployed* but refuses "without good cause, either to apply for suitable work . . . or to accept suitable work when offered to him . . . by any employer. . . ."

Section 402(b)(1) controls where the claimant *was employed* but *voluntarily* severs the employment relationship "without cause of a necessitous and compelling nature. . . ." *Compare Seeherman v. Unemployment Compensation Board of Review*, 55 Pa. Commonwealth Ct. 643, 423 A.2d 1128 (1981) *with Tuono v. Unemployment Compensation Board of Review*, 54 Pa. Commonwealth Ct. 583, 422 A.2d 240 (1980).

Here the claimant did not voluntarily quit her job; rather, she was discharged and became unemployed. Then she was later offered suitable employment which she refused, and, our careful review of the record as a whole leads us to agree with the referee and the Board that she has not shown that such refusal was for good cause. *Seeherman.*

We will, therefore, affirm the order of the Board.

### ORDER

AND NOW, this 25th day of May, 1982, the order of the Unemployment Compensation Board of Review in the above-captioned matter is hereby affirmed.

Judge MENCER did not participate in the decision in this case.