First Family Federal Savings and Loan Association, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent. Joseph P. Genuardi, Intervenor.

Argued June 7, 1982, before President Judge CRUMLISH, JR. and Judges WILLIAMS, JR. and DOYLE, sitting as a panel of three.

*Robert J. Kerns, Landis, Williams & Kerns,* for petitioner.

*James C. Sommar,* with him *George W. Tracy, Holl, Sommar & Tracy,* for intervenor.

No appearance for respondent.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., September 3, 1982:

First Family Federal Savings and Loan Association (employer) appeals from an Unemployment Compensation Board of Review order granting benefits to Joseph P. Genuardi (employee). We affirm.

When Genuardi, a janitorial supervisor, approached the employer's branch manager to discuss the conduct of a subordinate, an argument ensued during which Genuardi, who has a penchant for manual gesturing, pointed at the manager, three feet away, who reached out and slapped the employee's hand.

Genuardi, responding to the contact, warned the manager that, if she touched him again, he would reciprocate, at which point the confrontation ceased. Consequently, Genuardi was discharged.

The Office of Employment Security denied benefits, concluding that the employee's behavior amounted to willful misconduct under Section 402(e) of the Unemployment Compensation Law (Law).[1] The referee reversed, and the Board affirmed the granting of benefits.

The employer has the burden of proving an employee's willful misconduct by substantial evidence. *Gane v. Unemployment Compensation Board of Review*, 41 Pa. Commonwealth Ct. 292, 293, 398 A.2d 1110, 1111 (1979). Where, as here, the employer fails to sustain this burden, our scope of review is limited to determining whether the Board's fact findings are consistent with each other, and with the legal conclusions,

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(e), provides that an employee shall be ineligible for compensation for any week:

> (e) In which his unemployment is due to his discharge . . . from work for willful misconduct connected with his work . . .

Whether an employee has engaged in willful misconduct is a question of law, reviewable by this Court. *Boyer v. Unemployment Compensation Board of Review*, 51 Pa. Commonwealth Ct. 191, 199, 415 A.2d 425, 430 (1980). Although not defined in the Law, willful misconduct:

> is established where an employee's behavior constitutes a wanton and willful disregard of the employer's interests or the deliberate violation of the employer's rules or the disregard of the standards of behavior which an employer can rightfully expect from his employee or negligence which manifests culpability, wrongful intent, evil design, or intentional and substantial disregard for the employer's interests or the employee's duties and obligations.

*Isabella v. Unemployment Compensation Board of Review*, 59 Pa. Commonwealth Ct. 298, 301, 429 A.2d 1220, 1222 (1981).

and whether such findings can be sustained without capricious disregard of competent evidence.[2] *Helsel v. Unemployment Compensation Board of Review,* 54 Pa. Commonwealth Ct. 320, 323, 421 A.2d 496, 498 (1980).

Employer presents two issues on appeal:

1) Whether the altercation between the employee and the branch manager constituted willful misconduct; and

2) Whether the Board capriciously disregarded competent evidence by failing to address an alleged warning issued to Genuardi following a previous altercation between Genuardi and a co-employee.[3]

As to the first issue, it is unquestioned that an employee's threat to inflict bodily injury upon a superior generally is willful misconduct, *Wilson v. Unemployment Compensation Board of Review,* 15 Pa. Commonwealth Ct. 314, 316, 325 A.2d 500, 501 (1974), since such conduct evinces at least a disregard of the behavioral standards which an employer has a right to expect. *Nesmith v. Unemployment Compensation Board of Review,* 43 Pa. Commonwealth Ct. 579, 581, 402 A.2d 1132, 1133 (1979). Where, however, the offensive remark was justifiably provoked and is of a *de minimis* nature, it does not amount to willful misconduct. *Isabella v. Unemployment Compensation Board of Review,* 59 Pa. Commonwealth Ct. 298, 302, 429 A.2d 1220, 1222 (1981). Here, Genuardi, within his authority as janitorial supervisor, approached the branch manager

---

[2] "Capricious disregard" has been defined as the deliberate disregard of competent testimony which one of ordinary intelligence could not possibly have avoided in reaching the result. *Houff Transfer, Inc. v. Unemployment Compensation Board of Review,* 40 Pa. Commonwealth Ct. 238, 241, 397 A.2d 42, 44 (1979).

[3] Genuardi was involved in a confrontation with a co-employee a year prior to the incident in question which resulted in Genuardi's temporary suspension pending investigation of that incident.

to discuss a supervisory problem. It is undisputed that the *branch manager* initiated the physical contact. It was certainly justifiable for Genuardi to warn the aggressor that future contact would be met in kind.[4] Moreover, the heated dialogue was *de minimis:* the remark, nurtured in the heat of argument, was clearly conditional (*i.e.,* Genuardi threatened to retaliate *only if* his physical integrity were violated once more[5]), and there was no indication whatsoever that the employee had any intent to act in accordance with the remark. We agree that Genuardi's impulsive and *de minimis* retort was justifiably provoked, thus falling far short of the level of willful misconduct.

As to the employer's second issue, we conclude that the Board did not capriciously disregard competent evidence by failing to find willful misconduct based on an alleged warning issued to Genuardi following a previous altercation between Genuardi and a co-employee. The employer contends that, following the prior incident, Genuardi had been warned that a recurrence

---

[4] We do not condone such behavior. Had cooler heads prevailed, this Court's docket would have been one case lighter. We are holding that, under these facts, the employee's act of forewarning the branch manager, by conditional threat of retaliation, that further physical intrusion by the manager would not be tolerated, was justifiably provoked.

[5] We obviously do not hold as a matter of law that all conditional threats are *de minimis* in nature. *See, e.g., Wilson v. Unemployment Compensation Board of Review,* 15 Pa. Commonwealth Ct. 314, 325 A.2d 500 (1974), in which the claimant told a fellow employee that the supervisor "should get off my back or I would ship him out of there in a plastic bag." Although conditional, the threat in *Wilson* was clearly *not de minimis under those particular circumstances* (*e.g.,* the supervisor had previous encounters with the claimant and the claimant was found to be carrying deadly weapons in his automobile at the time of the threat). Whereas, in the instant matter, not only was the threat conditional on future aggression by the manager, but there was no indication that the employee had any intention of carrying out the threat.

would result in immediate dismissal,[6] an allegation that Genuardi specifically denies. Since questions of credibility and the resolution of testimonial conflicts are for the *Board, Affalter v. Unemployment Compensation Board of Review,* 40 Pa. Commonwealth Ct. 482, 485, 397 A.2d 863, 865 (1979), and since we must examine the testimony in the light most favorable to the party who prevailed below, *Taylor v. Unemployment Compensation Board of Review,* 474 Pa. 351, 355, 378 A.2d 829, 831 (1977), we would be remiss in finding that Genuardi received an advanced warning.[7]

Affirmed.

### ORDER

The order of the Unemployment Compensation Board of Review, No. B-195752 dated June 3, 1981, is hereby affirmed.

---

[6] The employer argues that evidence of prior acts and advanced warnings, although not a precondition to a discharge for willful misconduct, *Affalter v. Unemployment Compensation Board of Review,* 40 Pa. Commonwealth Ct. 482, 485, 397 A.2d 863, 865 (1979), is relevant in that it reflects the employee's attitude toward his employment. *American Process Lettering, Inc. v. Unemployment Compensation Board of Review,* 50 Pa. Commonwealth Ct. 272, 277, 412 A.2d 1123, 1125-26 (1980). The employer reasons that, had the Board addressed the prior incident and alleged warnings, the Board would have been compelled to conclude that Genuardi acted in blatant disregard of the warning and with full cognizance of the ensuing ramifications, thereby demonstrating an attitude inimical to the employer's interest. For reasons discussed in this Opinion's text, we disagree with the employer's contention.

[7] We are mindful that findings of fact "must include all findings necessary to resolve the issues raised by the evidence and *which are relevant to a decision." Page's Department Store v. Velardi,* 464 Pa. 276, 287, 346 A.2d 556, 561 (1975). (Emphasis added.) We determine that a finding of fact by the Board regarding a previous altercation and alleged resultant warning was *not* relevant to *this* matter since, as we have already concluded, Genuardi's response to the branch manager's aggression was justifiably provoked.