Mack Trucks, Inc., Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs June 8, 1983, to Judges WILLIAMS, JR., CRAIG and MACPHAIL, sitting as a panel of three.

*Wilbur C. Creveling, Jr.,* for petitioner.

*Peter C. Layman,* Associate Counsel, with him *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE WILLIAMS, JR., September 8, 1983:

Mack Trucks, Inc. (Employer) appeals from an Unemployment Compensation Board of Review (Board) order sustaining the referee's affirmance of the Office of Employment Security's (OES) award of benefits to a terminated employe (Claimant).

Before his discharge, Claimant had worked, under an annually renewable written employment contract, approximately four years and eight months as a branch account executive for the Employer which is engaged principally in the manufacture and sale of trucks. In mid-June 1981, Claimant was offered a new employment agreement, effective July 1, 1981, which relegated him to a retail sales position and modified his compensation.[1] After reviewing the terms of the employment contract, Claimant proposed three addenda to the new agreement which would have required Employer, *inter alia,* to indemnify Claimant if Claimant was found to be personally liable for Employer anti-trust violations. Claimant's concern arose from Employer-provided information regarding the

---

[1] At the time of his dismissal, Claimant earned a monthly salary of $2,471.00 and a $50.00 commission for each vehicle that he sold. By the terms of the new agreement, Claimant would have received an $800.00 monthly salary plus an average commission of approximately $550.00 for each vehicle sold.

Employer's possible anti-trust problems and the effect such matters, if prosecuted and proven, would have upon the personal liability of Claimant and other employes. Refusing even to discuss the proposed addenda, the Employer discharged Claimant on June 30, 1981. The OES, referee and the Board each determined that Claimant was not ineligible for unemployment benefits under the willful misconduct provision at Section 402(e) of the Unemployment Compensation Law (Law).[2]

Employer first asserts that the Board erred in applying Section 402(e) rather than Section 402(a) of the Law, 43 P.S. §802(a).[3] Employer's urging of the applicability of Section 402(a) is mistaken inasmuch as that provision pertains exclusively to a claimant *"who is already unemployed"* and who "refuses a suitable job referral or offer without good cause." *Hill v. Unemployment Compensation Board of Review*, 52 Pa. Commonwealth Ct. 141, 143, 415 A.2d 711, 713 (1980) (emphasis in original); *See also, Tomkus v. Unemployment Compensation Board of Review*, 66 Pa. Commonwealth Ct. 565, 568, 445 A.2d 846, 847 (1982). Here, the Claimant became unemployed *after* his futile attempt to modify the new contract and subsequent discharge. Claimant was *employed* when he allegedly refused to accept the new retail sales position under the agreement,[4] and was then terminated.

---

[2] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(e).

[3] Section 402(a), 43 P.S. §802(a), provides in relevant part:
An employe shall be ineligible for compensation for any week:
(a) In which his unemployment is due to failure, without good cause, either to apply for suitable work ... or to accept suitable work....

[4] Employer's argument disregards the Board's findings and *assumes* that Claimant actually refused to sign the new employment contract, as drafted, and was discharged. The Board's findings pro-

Employer's argument concerning the applicability of Section 402(a) must fail.

Employer next contends that the Board's decision does not contain findings of fact pertinent to the suitability of the proffered position in retail sales, and whether Claimant had "good cause" to refuse the new position. An adjudication, however, must include all findings necessary to resolve the issues raised by the evidence which are *relevant* to the decision. *Lipchak v. Unemployment Compensation Board of Review*, 34 Pa. Commonwealth Ct. 451, 457, 383 A.2d 970, 972 (1978) (citing *Page's Department Store v. Velardi*, 464 Pa. 276, 346 A.2d 556 (1975)). Because the findings, if made, would support an eligibility determination under Section 402(a), such findings would be inconsistent with, would not support and would be irrelevant to the Board's conclusion of law deeming Claimant not ineligible under Section 402(e). Thus Employer's argument is without merit.

Concluding, within our scope of review,[5] that the Board's decision was proper, we affirm.

———

vide pertinently only that Claimant was peremptorily fired after submitting the addenda for Employer's consideration. There were no specific findings establishing that Claimant refused to accept the new agreement as drafted and was therefore terminated.

[5] Although the Employer asserts that some of the Board's findings are not supported by substantial record evidence, our correct scope of review where, as here, the burdened party has failed to prevail below, is limited to determining whether the factual findings are consistent with each other and with the conclusions of law and whether such findings can be sustained without capriciously disregarding competent evidence. *First Family Federal Savings and Loan Association v. Unemployment Compensation Board of Review*, 68 Pa. Commonwealth Ct. 578, 580-81, 449 A.2d 870, 872 (1982).

## Order

AND Now, this 8th day of September, 1983, the Order of the Unemployment Compensation Board of Review, dated January 13, 1982, at Decision No. B-202654, is affirmed.