522 A.2d 121

Willie Reed, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs January 8, 1987, to President Judge CRUMLISH, JR., Judge COLINS, and Senior Judge BLATT, sitting as a panel of three.

*Mary K. Hanna,* for petitioner.

*Samuel H. Lewis,* Associate Counsel, with him, *Paul E. Baker,* Acting Deputy Chief Counsel, for respondent.

OPINION BY JUDGE COLINS, March 6, 1987:

Willie Reed (claimant) appeals an order of the Unemployment Compensation Board of Review (Board) which affirmed the referee's decision finding him ineligible for unemployment compensation on account of willful misconduct pursuant to Section 402(e) of the Unemployment Compensation Law (Law),[1] and assessing a

___

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e).

non-fault overpayment under Section 804(b)(1) of the Law, 43 P.S. §874(b)(1).

Claimant was employed by Progress Lighting Company (employer) as a polisher when he was discharged for fighting on company property. He received unemployment compensation for a period of seven weeks until the Office of Employment Security (OES) determined that claimant had been discharged for fault and that his receipt of compensation was improper. OES assessed a fault overpayment and ordered recoupment of compensation pursuant to Section 804(a) of the Law, 43 P.S. §874(a). Claimant appealed this decision and the case proceeded to a hearing before a referee. In a subsequent decision, the referee affirmed the OES' determination of ineligibility, but held that any overpayment of compensation had been occasioned without fault on the part of the claimant. The Board affirmed and claimant's appeal to this Court followed.

Upon appeal, claimant contends that: (1) the Board's determination of willful misconduct is not supported by the record because the Board did not consider claimant's contention that his actions were provoked by conduct of his supervisor; (2) the referee, and the Board, upon affirmance, failed to resolve issues of credibility because they did not address claimant's allegations of provocation; and (3) the claimant was not afforded a fair hearing because the referee "failed to give claimant every assistance compatible with the impartial discharge of his official duties."

The burden of proving willful misconduct is, of course, on the employer. *BMY, a Division of Harsco Corp. v. Unemployment Compensation Board of Review,* 94 Pa. Commonwealth Ct. 579, 504 A.2d 946 (1986). The employer here contends that it discharged claimant following his utterance of vulgar and offensive language coupled with the threat of physical violence

directed at his supervisor.[2] Indeed, the employer presented several witnesses, including the supervisor, who testified that they heard the claimant utter these remarks in response to the supervisor's directive that employees should remain at their work stations. The claimant submits that any offensive language on his part was a response to provocation by his supervisor. He testified that the supervisor approached him following his directive and "brought up his fist and lowered his eyes" as if threatening to strike him. Claimant testified that he responded to this conduct by stating "if you come over here, I'll pay your way back." Claimant denies that he threatened to fight the supervisor outside the employer's facility.

It is unquestioned that an employee's threat to inflict bodily injury upon a superior generally is willful misconduct since such conduct evinces at least a disregard of the behavioral standards which an employer has a right to expect of an employee. *First Family Federal Savings & Loan Association v. Unemployment Compensation Board of Review*, 68 Pa. Commonwealth Ct. 578, 449 A.2d 870 (1982). However, where the offensive remark was justifiably provoked and is of a *de minimis* nature, it does not amount to willful misconduct. *Id.*

The referee made the following pertinent findings of fact:

2. On August 30, 1984, claimant, along with other co-employees were [sic] directed by their supervisor to remain at their work station.

3. In response thereto, claimant directed foul language towards his supervisor and threatened the supervisor with settling the matter outside whereupon claimant was discharged.

---

[2] The claimant's supervisor, as well as other witnesses, testified that claimant stated "f--- (sic) you, Bob, and I'll take you outside."

Although neither the referee nor the Board in its affirmance made a specific finding on whether claimant's offensive remark was justifiably provoked, we have previously held that where there is nothing in the record to support a conclusion that a claimant's actions were reasonable or justifiable under any circumstances, the Board and referee need not set forth specific findings on the issue of good cause. *Jones v. Unemployment Compensation Board of Review,* 75 Pa. Commonwealth Ct. 619, 462 A.2d 950 (1983). In the instant matter, the record reveals that the claimant had, on several occasions, been warned of certain conduct held inimicable to the employer's interest and, in fact, had been suspended from his employment on at least two occasions for infractions involving insubordination and working while intoxicated. Nevertheless, the employer testified that this final incident involving the confrontation with his supervisor was the "final straw,"[3] the implication being that, had this incident not occurred, the claimant would remain employed.

Under such circumstances, we are constrained to remand the case to the Board for an appropriate finding on the issue of good cause. As we stated in *M. G. Koggan Associates, Inc. v. Unemployment Compensation Board of Review,* 80 Pa. Commonwealth Ct. 626, 632, 472 A.2d 277, 280 (1984), " '[a]n appellate court or other reviewing body should not infer from the absence of a finding on a given point that the question was re-

---

[3] To avoid our putting words in the employer's mouth, we note the following exchange as one employer witness elicited testimony from another employer witness:

QET: So this final incident was just the last in a long string of infractions by the claimant, is that correct?
AEW1: That's correct.
QET: This was the final straw?
AEW1: Right.

solved in favor of the party who prevailed below, for the point may have been overlooked or the law misunderstood at the trial or hearing level,' " *quoting Page's Department Store v. Velardi*, 464 Pa. 276, 287, 346 A.2d 556, 561 (1975). The factfinder in an administrative proceeding must set forth all findings necessary to resolve the issues raised by the evidence which are relevant to the decision. *Lipchak v. Unemployment Compensation Board of Review*, 34 Pa. Commonwealth Ct. 451, 383 A.2d 970 (1978); *see also* 2 Pa. C.S. §555. The Board in the instant matter was remiss in failing to resolve the issue of the alleged provocation and we will not substitute our judgment on this issue for that of the Board.

Our thorough review of the record indicates that the subject hearing was procedurally proper. Due process requires that the Board advise an uncounselled claimant, as was the claimant here, of his right to be represented by counsel, to cross-examine witnesses and to offer witnesses in his behalf. *Brennan v. Unemployment Compensation Board of Review*, 87 Pa. Commonwealth Ct. 265, 487 A.2d 73 (1985); *see also* 34 Pa. Code §101.21. The record clearly reveals that claimant was so advised in the instant proceeding.

Claimant contends that he had additional evidence which he was not allowed to present and that the referee had an affirmative duty to assist him in a more aggressive fashion than that offered at the hearing. 34 Pa. Code §101.21 defines the assistance which a referee may proffer an uncounselled claimant as follows: "the tribunal . . . before whom the hearing is being held should advise [the claimant] as to his rights, aid him in examining and cross-examining witnesses, and give him every assistance compatible with the *impartial* discharge of its official duties." (Emphasis added.)

Our review of the record indicates that the referee, on at least four separate occasions, asked the claimant if he wanted to question the employer's witnesses.

Moreover, the record reveals that the referee himself tried to elicit testimony and that he afforded claimant ample opportunity to present his evidence. Indeed, the referee ended the hearing as follows:

QR:  Claimant, I'll give you the last opportunity to testify if you wish or to ask any questions. Anything else?

As our Supreme Court noted in *Vann v. Unemployment Compensation Board of Review,* 508 Pa. 139, 148, 494 A.2d 1081, 1086 (1985): " 'any layperson choosing to represent himself in a legal proceeding must, to some reasonable extent, assume the risk that his lack of expertise in legal training will prove his undoing.' " *(quoting Groch v. Unemployment Compensation Board of Review,* 81 Pa. Commonwealth Ct. 26, 30, 472 A.2d 286, 288 (1984)).* We conclude that the referee properly conducted the hearing in the instant matter and that the claimant's right to present evidence and cross-examine adverse witnesses was in no way compromised.

Accordingly, we vacate the order of the Board and remand this matter so that the Board may consider whether claimant's conduct was justifiably provoked by improper actions of his supervisor.

### ORDER

AND NOW, March 6, 1987, the order of the Unemployment Compensation Board of Review, dated February 12, 1985, in the above-captioned matter is vacated and the matter is remanded to the Board with a directive that the Board make a specific finding of fact on whether or not the Petitioner, Willie Reed, had good cause for his conduct.

Jurisdiction relinquished.