General Electric Company, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review and Samuel Servidio, Respondents.

Argued December 5, 1979, before Judges WILKINSON, JR., BLATT and CRAIG, sitting as a panel of three.

*James H. Beusse,* for petitioner.

*Elsa Newman,* Assistant Attorney General, with her *William Taggart, John T. Kupchinsky,* Assistant Attorney General, *Richard Wagner,* Chief Counsel and *Edward G. Biester, Jr.,* Attorney General, for respondents.

OPINION BY JUDGE CRAIG, February 27, 1980:

Employer General Electric Company appeals from an order of the Unemployment Compensation Board of Review (board) which reversed a referee's decision. The board held that claimant Samuel Servidio should not be denied benefits by reason of "willful misconduct" under Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e), and awarded benefits.

Employer's discharge of claimant, on November 25, 1977, was for deliberately violating a work rule prohibiting employees from claiming payment for time not worked. Claimant had violated the same rule in October, 1975, and employer, at that time, had warned claimant that another violation would result in his discharge.

Employer uses a clock-card system for timekeeping, in which each employee is responsible for punching his clock-card when entering and leaving the work premises. Pertinent here are the special timekeeping rules for lunch hours. If an employee takes a normal one-half hour break for lunch, he punches his clock-card one time. This single punch notifies the payroll office that the employee took a one-half hour lunch

break and authorizes a corresponding deduction from time worked. Without this punch at lunchtime, the employee would be paid for the entire shift. If the em-employee desires to take additional time for lunch, the rule is that the employee punches his clock-card at the beginning and ending of the extended lunch break, so that an accurate deduction can be made for the extended break. The employer's policy is to warn an employee who violates this rule and to discharge the employee upon a second violation.

Supervisors monitor employees' lunch period time-keeping activities. The record reveals that on October 27, 1977, claimant's scheduled lunch period was from 12:10 p.m. until 12:40 p.m. Employer's supervisors observed claimant leaving the plant early at 11:57 a.m. Although claimant punched in from lunch at 12:33 p.m., he had not punched out; therefore, claimant failed to follow the employer's procedure with regard to extended lunch breaks. As a result of this rule violation, claimant received payment for a brief period not worked—six minutes.

Because the violation was claimant's second one, claimant was discharged.

Employer submits that claimant was discharged for "willful misconduct" under Section 402(e), and therefore should be denied unemployment benefits. The law is in accord with that position.

"Willful misconduct" has been judicially defined to include a deliberate violation of the employer's rules. *Strohecker v. Unemployment Compensation Board of Review,* 33 Pa. Commonwealth Ct. 526, 382 A.2d 160 (1978). The board noted that claimant deliberately violated employer's rule, but held that the violation was de minimis and did not rise to the level of wrongdoing necessary to constitute willful misconduct.

We must disagree. The de minimis argument has no place in cases involving deliberate violation of em-

ployer's rules. *See Lipfert v. Unemployment Compensation Board of Review*, 46 Pa. Commonwealth Ct. 206, 406 A.2d 251 (1979).

Accordingly, we reverse the decision of the board.

ORDER

AND Now, this 27th day of February, 1980, the decision of the Unemployment Compensation Board of Review awarding benefits to Samuel Servidio is hereby reversed, and benefits are denied.

President Judge BOWMAN did not participate in the decision in this case.

Judge DiSALLE did not participate in the decision in this case.