Donna M. Blount, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs November 18, 1983, to Judges ROGERS, MACPHAIL and DOYLE, sitting as a panel of three.

*Leon Ehrlich,* for petitioner.

*Charles G. Hasson,* Assistant Counsel, with him *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE DOYLE, October 19, 1983:

This is an appeal by Donna M. Blount (Petitioner) from a decision and order of the Unemployment Compensation Board of Review reversing a referee's award of unemployment compensation benefits. We reverse.

The pertinent facts in this matter are not in dispute. Petitioner was employed by Nissin Foods Co. (Employer) until October 15, 1980. On that day, while in the company cafeteria talking to another employee whose car had been towed from Employer's parking area for not having a parking sticker, Petitioner made a remark to the effect that if something like that was ever done to her she would put a bomb in the back seat of the employee relations manager's car. Several co-workers heard Petitioner's remark and she then effectively reiterated it. Among those co-workers was a floor monitor who reported Petitioner's remarks to Employer. After interviewing several of the other employees to verify what Petitioner had said, Employer discharged her. Petitioner filed for unemployment compensation. At a referee's hearing held on her claim it was brought out that Employer had been the victim of several bomb threats ostensibly related to labor unrest, that these threats had been reported to the F.B.I. and that Petitioner was aware of them at the time of her remarks.[1] The referee nonetheless awarded benefits on the grounds that Petitioner's remarks had been made in an innocent and joking man-

---

[1] In a meeting held with Petitioner subsequent to her remarks, Employer's Plant Manager informed Petitioner that her remarks would be reported to the "proper authorities" because of the prior threats. Such a report was ostensibly made but the Plant Manager, Mr. Masataka Fujiwara, testified that "nothing really came out of it."

ner and that she was incapable of carrying out such a threat. On appeal, the Board did not find that Petitioner had not been joking but reversed the referee's decision on the grounds that, in light of the prior bomb threats, Petitioner's remarks were sufficiently serious to constitute disqualifying "willful misconduct" under Section 402(e) of the Unemployment Compensation Law.[2] The appeal to this Court followed, in which Petitioner asserts that the Board has erred as a matter of law in reaching its conclusion.

Whether or not an employee's actions amount to "willful misconduct" is a question of law subject to this Court's review. *Nolan v. Unemployment Compensation Board of Review,* 57 Pa. Commonwealth Ct. 186, 425 A.2d 1203 (1981). The making of threats concerning a superior is generally "willful misconduct" since such conduct evinces a disregard of behavioral standards which an employer has a right to expect. *Nesmith v. Unemployment Compensation Board of Review,* 43 Pa. Commonwealth Ct. 579, 402 A.2d 1132 (1979). It is not necessary for a conclusion of "willful misconduct" that the threat have been delivered directly to the superior. *See Sisak v. Unemployment Compensation Board of Review,* 54 Pa. Commonwealth Ct. 366, 421 A.2d 512 (1980); *Wilson v. Unemployment Compensation Board of Review,* 15 Pa. Commonwealth Ct. 314, 325 A.2d 500 (1974). "Where, however, the offensive remark was justifiably provoked and is of a *de minimis* nature, it does not amount to willful misconduct." *First Family Federal Savings and Loan Association v. Unemployment Compensation Board of Review,* 68 Pa. Com-

---

[2] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e).

monwealth Ct. 578, 581, 449 A.2d 870, 872 (1982). Whether the threat was conditional in nature and whether the employee indicated any intent to act according to the remark are factors which can play a role in a determination that a threat was *de minimis* in nature. *Id.*

After a careful review of the record in the case sub judice, we are constrained to reverse the decision of the Board. Our reasons for so doing are threefold. First, the setting of the incident at issue was Employer's cafeteria. Petitioner and the other employees to whom the remarks were directed were on a work break and the atmosphere was clearly relaxed. Petitioner's remarks were made and accepted as a *joke* with the floor monitor being the only party to indicate offense. Moreover, the person who was the subject of the remarks was not present. Second, Employer, who is charged with the burden of establishing "willful misconduct,"[3] presented no evidence whatsoever of any connection between Petitioner and other bomb-threats or labor unrest. Finally, as found by the referee in his decision, but ignored by the Board, there is no indication that Petitioner is in any way capable of carrying out a bomb-threat.

In conclusion, it is evident to this Court that Petitioner made an off-hand utterance as a joke which, while it was undeniably in bad taste and certainly not something we condone, hardly rose to the level of an actual threat and, in turn, "willful misconduct." Accordingly, we reverse the conclusion of the Board that Petitioner is guilty of "willful misconduct" such as to disqualify her from receipt of unemployment compensation benefits.

---

[3] *Bignell v. Unemployment Compensation Board of Review*, 61 Pa. Commonwealth Ct. 568, 434 A.2d 869 (1981).

## Order

Now, October 19, 1983, the decision and order of the Unemployment Compensation Board of Review in the above captioned matter, No. 195200, dated May 15, 1981, is hereby reversed.

Judge MacPhail dissents.