**Robert L. SHEETS, Petitioner,**

v.

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Jan. 9, 1998.

Decided March 26, 1998.

Keith E. Kendall, Harrisburg, for petitioner.

Clifford F. Blaze, Deputy Chief Counsel, Harrisburg, for respondent.

Before DOYLE and FLAHERTY, JJ., and MIRARCHI, Jr., Senior Judge.

FLAHERTY, Judge.

Robert L. Sheets (Claimant) petitions for review from an order of the Unemployment Compensation Board of Review (Board) that affirmed a decision of the referee denying him unemployment compensation benefits pursuant to Section 402(e) of the Unemployment Compensation Law (Law).[1] We affirm.

The relevant findings of fact as found by the Board, and not challenged by Claimant, are as follows. Claimant was employed by the Selinsgrove Center (Employer) as a residential service aide for approximately twenty-one years and his last day of work was April 23, 1997. On March 13, 1997, while returning from a union meeting with another co-worker, Claimant stated that he "may as well shoot Carl and Steve and get it over

9. 35 P.S. § 6021.706.

1. Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897 *as amended*, 43 P.S. § 802(e). Section 402(e) provides in pertinent part:
    An employee shall be ineligible for compensation for any week—

(e) in which his unemployment is due to his discharge or temporary suspension from work for willful misconduct connected with his work. . . .

with." Claimant was referring to two co-workers. Another co-worker who overheard the statement believed that Claimant was serious about his statement and reported it to her supervisor. Later, one of the workers referred to by Claimant found out about the statement and complained to Employer. It then began to investigate the incident.

Employer has a policy which states that disorderly conduct, which includes fighting, threatening and attempting to inflict or inflicting bodily harm on another person, can lead to discharge for the first offense unless considerable provocation or other mitigating circumstances are present. After investigation, Claimant was discharged by Employer for various rule infractions including making threats towards co-workers.[2]

Following his discharge, Claimant applied for unemployment compensation benefits which were denied by the Job Center under Section 402(e) of the Law for willful misconduct. Claimant appealed and after a hearing was held at which Claimant and Employer appeared, the referee also denied benefits on the basis that Claimant violated Employer's rules and violated the standards of behavior an employer has a right to expect of an employee. Claimant filed an appeal with the Board which affirmed the referee's decision concluding that Claimant violated Employer's rule concerning making threats towards other employees. This appeal by Claimant followed.

Claimant contends that the Board erred as a matter of law by denying him benefits because it did not consider whether his statement was de minimis in nature.[3] We disagree.

Whether or not an employee's actions amount to willful misconduct is a question of law subject to this Court's review. *Blount v. Unemployment Compensation Board of Review*, 77 Pa.Cmwlth. 627, 466 A.2d 771 (1983).[4] It has been established that threats of harm toward a supervisor or a co-worker constitute conduct below the standards of behavior which an employer has a right to expect from an employee. *Andrews v. Unemployment Compensation Board of Review*, 633 A.2d at 1263. It does not matter that the threat was communicated to a third party rather than the person to whom it was intended. *Id.* Such conduct creates discord and interrupts the employer's operation. *Id.* Moreover, this Court has held that the de minimis argument has no place in cases involving a deliberate violation of employer's rules. *General Electric Company v. Unemployment Compensation Board of Review*, 49 Pa.Cmwlth. 468, 411 A.2d 578 (1980).

Here, Employer had a rule that prohibited disorderly conduct which included threats to co-workers. Claimant violated the rule by stating to another co-worker that he "may as well shoot Carl and Steve and get it over with." Because the de minimis argument has no place in cases involving deliberate violations of employer's rules, we must conclude that the Board did not err when it did not consider the de minimis argument in its decision.

Moreover, Claimant argues that his remark was not the kind of remark that can support a denial of benefits and cites to *Reed v. Unemployment Compensation Board of Review*, 104 Pa.Cmwlth. 373, 522 A.2d 121 (1987) and *Blount* 466 A.2d at 771 in support

---

2. Claimant was also discharged for violating Employer's one-to-one policy and violating the residents' privacy rights policy. The Board concluded that neither was willful misconduct and Claimant does not raise these issues in his appeal. Therefore, we will not address these reasons for discharge.

3. Our scope of review in this case is limited to determining whether constitutional rights have been violated, errors of law were committed, or whether findings of fact were supported by substantial evidence. *Andrews v. Unemployment Compensation Board of Review*, 159 Pa.Cmwlth. 455, 633 A.2d 1261 (1993), 2 Pa.C.S. § 704.

4. Willful misconduct has been defined by the caselaw as:

(1) the wanton and willful disregard of the employers interest, (2) the deliberate violation of rules, (3) the disregard of standards of behavior which an employer can rightfully expect form his employee, or (4) negligence which manifests culpability, wrongful intent, evil design, or intentional or substantial disregard for the employer's interests or the employee's duties and obligations.

*Kentucky Fried Chicken of Altoona, Inc. v. Unemployment Compensation Board of Review*, 10 Pa. Cmwlth. 90, 309 A.2d 165 (1973).

of his argument. These cases are distinguishable and inapplicable to this case.

In *Reed,* the Court did not conclude that the claimant's threat to a supervisor was de minimis. Instead, the Court concluded that where the offensive remark was justifiably provoked and was of a de minimis nature, it does not amount to willful misconduct. The case was remanded to the Board to make appropriate findings of fact concerning whether the claimant had been provoked. Here, Claimant does not argue that he was provoked into making the threat against his fellow co-workers, therefore, his de minimis argument falls short of showing that he had good cause for his behavior since he did not show that he was provoked *and* that the comment was de minimis.

*Blount,* is also distinguishable. In *Blount,* there was no mention that the claimant's behavior was in violation of any employer rule. Claimant's behavior in this case was a rule violation. In addition, the Court concluded that the remark was made and accepted as a joke. Here, there is no indication that the threat was made as a joke or accepted as a joke.

Accordingly, since Claimant's threat to shoot two co-workers was a violation of an Employer rule and Claimant has not shown that it was provoked in any way that may have given him good cause for his behavior, we must conclude that the Board did not err as a matter of law when it denied him unemployment compensation benefits. Therefore, the order of the Board is affirmed.

### ORDER

AND NOW, March 26, 1998, the order of the Unemployment Compensation Board of Review at No. B–363407, dated August 11, 1997, is affirmed and benefits are denied.