IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jenna M. D'Annunzio,                      :
                    Petitioner           :
                                          :
          v.                              : No. 161 C.D. 2017
                                          : Submitted:  October 17, 2017
Unemployment Compensation                 :
Board of Review,                          :
                    Respondent            :


BEFORE:   HONORABLE P. KEVIN BROBSON, Judge
          HONORABLE MICHAEL H. WOJCIK, Judge
          HONORABLE DAN PELLEGRINI, Senior Judge


OPINION NOT REPORTED


MEMORANDUM OPINION BY
SENIOR JUDGE PELLEGRINI                    FILED: November 14, 2017



          Jenna M. D'Annunzio (Claimant) petitions for review from the

Unemployment Compensation Board of Review's (Board) decision finding her

ineligible for unemployment compensation (UC) benefits under Section 402(e) of

the Unemployment Compensation Law[1] (Law) because she was terminated for

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §
802(e).  Under Section 402(e) of the Law, an employee is ineligible for compensation for any
week "[i]n which his unemployment is due to his discharge or temporary suspension from work
for willful misconduct connected with his work. . . ."  43 P.S. § 802(e).  The term "willful
misconduct" is not defined in the Law, but has been defined in case law to mean:

> (a) wanton or willful disregard for an employer's interests; (b)
> deliberate violation of an employer's rules; (c) disregard for
> standards of behavior which an employer can rightfully expect of

**(Footnote continued on next page…)**

willful misconduct for divulging confidential information she learned in the course of her work with Delaware County's Child and Youth Services (Employer) without good cause. For the following reasons, we affirm.

## I.

For nearly 16 years, Claimant worked for Employer as a full-time screening supervisor. When she began her employment, she signed an Oath of Confidentiality, which provided:

> Knowing that violation of my Oath of Confidentiality may cause injury or damage to others and may result in disciplinary action against me:
>
> I [Claimant] do solemnly swear (or affirm) that I am fully aware of the confidential nature of the information I must handle in my position.
>
> And I do further swear (or affirm) that I will not knowingly divulge any facts or information of any kind acquired by me in connection with my position to any person or persons not entitled to receive such information.

---

**(continued…)**

an employee; or (d) negligence indicating an intentional disregard of the employer's interest or an employee's duties or obligations.

*Navickas v. Unemployment Compensation Board of Review*, 787 A.2d 284, 288 (Pa. 2001). When a claimant is discharged on the basis that he violated a work policy, the employer has the burden of proving: (1) the existence of the policy, (2) that the policy was reasonable, and (3) that the claimant was aware of and violated the policy deliberately. *Rothstein v. Unemployment Compensation Board of Review*, 114 A.3d 6, 9 (Pa. Cmwlth. 2015).

(Record (R.) Item No. 13, Referee's Hearing: Transcript of Testimony w/ Employer Exhibits, dated 10/31/2016, Exhibit 2.) Preceding this language, the reason for the policy was set forth as:

> The unauthorized and improper release of personal information on individuals has caused great damage to innocent persons and is the subject of wide concern today. In order to insure the right of privacy, and to assure everyone that all information you handle will be kept in strictest confidence, you are required to subscribe to the [Oath of Confidentiality].

*Id.*

In the course of her work, Claimant discovered that two of her boyfriend's friends were being investigated for the sexual assault of their children. She shared this information with her boyfriend, purportedly in confidence, because she feared he would bring those friends to her house, as he had done previously with one of them. Claimant's concern was that this would put her 11-year-old daughter in danger. When Employer learned that this confidential information had been disclosed, Employer conducted an investigation into the matter and subsequently terminated Claimant's employment. This was the only instance during her 16 years of employment that Claimant was found to have violated a policy of Employer.

Claimant applied for UC benefits with the Lancaster UC Service Center (Service Center).[2] During the oral interview, when asked why she divulged this confidential information, Claimant responded:

> There [were] numerous reports concerning this person. I was so surprise[d] when I [saw] the case and numerous allegations. Usually I am immune[], but this just really surprised me.

(R. Item No. 6, Claimant Record of Oral Interview, dated 9/15/2016.) The Service Center denied benefits because Claimant's breach of confidentiality constituted willful misconduct, thus rendering her ineligible for benefits under Section 402(e) of the Law, 43 P.S. § 802(e). Claimant appealed this determination.

Before the Referee, Molly Thompson (Thompson), Employer's intake manager, testified:

> Q: Why is it important to keep confidential information from third parties who are not involved in the specifics?
>
> A: It can harm our investigation and put children at risk.

---

[2] While Claimant's claim was under review, she received a payment for benefits in the amount of $539.50. The Service Center acknowledged that the payment was made inadvertently. The Referee determined that because Claimant was ineligible for benefits under Section 402(e) of the Law, she was not entitled to the money she received and, therefore, under Section 404(b)(1) of the Law, the payment was recoupable. 42 P.S. § 804(b)(1). Claimant does not appeal this issue.

4

(R. Item No. 13, Referee's Hearing: Transcript of Testimony w/ Employer Exhibits, dated 10/31/2016, p. 11.) At the hearing, Claimant was questioned about whether she knew of the confidential nature of the information she provided to her boyfriend. Claimant's attorney specifically asked her:

> Q: Did you say anything to your boyfriend about confidentiality or anything of that nature?
>
> A: Yes, I did. I . . .
>
> Q: What did you say?
>
> A: …told him in confidence. I thought it was somebody that I could trust, and I, basically, said to him that he couldn't tell anyone this information, that the reason for me telling him was that I did not want these people in my home or around my daughter.

(*Id.* at 12.) The Referee further questioned her:

> Q: When you became aware that these individuals were listed as perpetrators in the report and determined that they had been in your home at some point, did you report that to the Employer?
>
> A: No.
>
> Q: And is there any reason why not?
>
> A: I think I panicked honestly. I was extremely upset when I saw their names on that referral. . . .

(*Id.* at 14.)

5

The Referee denied benefits, finding that Claimant intentionally violated Employer's known policy by knowingly and deliberately divulging confidential information to her boyfriend. The Referee also found that Claimant had no good cause for divulging this information because she should have informed her boyfriend not to bring the alleged perpetrators into her home without divulging confidential information in the process. Claimant appealed to the Board, which affirmed the Referee's decision. This appeal followed.[3]

**II.**

Claimant admits that she violated Employer's policy of not divulging confidential information and she does not contend that the policy is unreasonable. Relying on *Grieb v. Unemployment Compensation Board of Review*, 827 A.2d 422 (Pa. 2003), she contends that her actions did not constitute willful misconduct because when she learned that her boyfriend's friends were being investigated for sexual assault of their children, she panicked out of concern for her daughter's welfare and did not intend to deliberately violate Employer's policy.

In *Grieb*, the claimant was a part-time schoolteacher who had been in the process of moving to a new house when she received a phone call from the school at 6:00 a.m., asking her to come fill in for a teacher that very morning. Because she had been in the process of moving, many of her belongings were in

---

[3] This Court's scope of review is limited to determining whether the Board committed an error of law or violated constitutional rights, or whether their findings of fact are supported by substantial evidence. *Key v. Unemployment Compensation Board of Review*, 687 A.2d 409, 411 n.2 (Pa. Cmwlth. 1996).

the car, including three unloaded shotguns. She rushed to the school and forgot that the shotguns were still in the car. By accidentally leaving the shotguns in her car in the school parking lot, she violated the school policy against guns on school property. Accordingly, when the guns were discovered, she was discharged. Our Supreme Court held that determining whether an action constitutes willful misconduct requires a consideration of "all of the circumstances, including the reasons for the employee's noncompliance with the employer's directives." *Grieb*, 827 A.2d at 426 (citing *Rebel v. Unemployment Compensation Board of Review*, 723 A.2d 156, 158 (Pa. 1998)). While acknowledging the existence and reasonableness of the school policy, our Supreme Court held that, given the totality of the circumstances, the claimant did not commit willful misconduct because her bringing guns onto school property was inadvertent rather than deliberate. Therefore, she was eligible for UC benefits.

In this case, unlike the claimant in *Grieb* where the violation was an act of absent-mindedness, Claimant admitted that she intentionally divulged confidential information to her boyfriend knowing that it was against Employer's policy to do so. Claimant's testimony before the Referee confirms this fact, as she admitted that she told her boyfriend the information was confidential and that he could not tell anyone.[4] She fully understood that she was violating Employer's policy but did so regardless. Because she intentionally divulged confidential

---

[4] Claimant also contends that her violation cannot be considered willful misconduct because this was the first violation she committed and that it should be considered *de minimis*. However, we have consistently held that the *de minimis* argument has no place in cases involving a deliberate violation of an employer's rules. *See Sheets v. Unemployment Compensation Board of Review*, 708 A.2d 884, 885 (Pa. Cmwlth. 1988); *General Electric Company v. Unemployment Compensation Board of Review*, 411 A.2d 578, 580 (Pa. Cmwlth. 1980).

information in direct violation of Employer's policy, Claimant's actions constitute willful misconduct.

## III.

Claimant also argues that even if Employer met its burden of establishing that she deliberately violated its confidentiality policy, she had good cause to do so because she did it with her child's welfare in mind.

If an employer establishes an intentional and deliberate violation of a work rule, an employee is given the opportunity to show good cause for her conduct. *McKeesport Hospital v. Unemployment Compensation Board of Review*, 625 A.2d 112, 114 (Pa. Cmwlth. 1993). Where an action of an employee is justifiable or reasonable under the circumstances, it cannot be considered willful misconduct inasmuch as it cannot properly be charged as a willful disregard of the employer's interests, the rules or standard of conduct the employer has a right to expect. *Frumento v. Unemployment Compensation Board of Review*, 351 A.2d 631, 634 (Pa. 1976).

Claimant contends that she had good cause for violating Employer's policy because it was done solely with her child's safety in mind. However, where there are reasonable alternative means to address the concerns that led to the violation of the work rule, a claimant does not have good cause to violate that rule. *Arbster v. Unemployment Compensation Board of Review*, 690 A.2d 805, 810 (Pa. Cmwlth. 1997). While Claimant's intention of trying to protect her child from potential harm is a given, Claimant could have told her boyfriend that she did not

want him to invite those specific friends to her house without divulging confidential information. Because she had a reasonable alternative to divulging confidential information to protect her child, Claimant did not have good cause to violate Employer's policy.

Accordingly, for the foregoing reasons, we affirm.

_____
DAN PELLEGRINI, Senior Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jenna M. D'Annunzio,        :
          Petitioner   :
                           :
      v.            : No. 161 C.D. 2017
                           :
Unemployment Compensation  :
Board of Review,           :
          Respondent  :


# **O R D E R**


AND NOW, this 14th day of November, 2017, the January 19, 2017 order of the Unemployment Compensation Board of Review in the above-captioned matter is affirmed.


_____
DAN PELLEGRINI, Senior Judge