# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Lisa M. Nowak,
                Petitioner

v.

Unemployment Compensation
Board of Review,
                Respondent

**CASES CONSOLIDATED**

Nos. 5-14 C.D. 2024

Submitted: February 4, 2025

BEFORE:    HONORABLE RENÉE COHN JUBELIRER, President Judge
                HONORABLE STACY WALLACE, Judge (P.)
                HONORABLE MATTHEW S. WOLF, Judge

**<u>OPINION NOT REPORTED</u>**

MEMORANDUM OPINION BY
JUDGE WOLF
                                FILED:  March 12, 2025

Lisa M. Nowak (Claimant) petitions for review of orders of the Unemployment Compensation Board of Review (Board) dated December 11, 2023, affirming the Referee's decisions that found Claimant ineligible for Pandemic Unemployment Assistance (PUA), Federal Pandemic Unemployment Compensation (FPUC), and Lost Wage Assistance (LWA) and established non-fraud overpayments to recover the benefits she received.[1] On appeal, Claimant asserts that the Board erred in concluding she was ineligible for the various benefits and in assessing non-fraud overpayments. Discerning no error, we affirm the Board.

---

[1] Claimant filed 10 petitions for review in this Court. *See generally* Pa. Cmwlth., Docket Nos. 5-14 C.D. 2024. We note that Claimant's petitions for review at 5 C.D. 2024 and 8 C.D. 2024 both appeal the same decision and order of the Unemployment Compensation Board of Review (Board), at Board Docket No. 1023003896. Thus, those are duplicate appeals.

## I. Background

Claimant applied for PUA on April 19, 2020, and received benefits through September 4, 2021. Certified Record (C.R.), Item No. 19.[2] On July 12, 2023, the Department of Labor and Industry (Department) issued notices of determination asserting Claimant had incorrectly received PUA, FPUC, and LWA benefits and establishing non-fraud overpayments. *Id.*, Item Nos. 1, 4, 7, 10, 13, 16, 20, 30, 33, 36. Claimant appealed the Department's determinations, and a Referee held a hearing on August 7, 2023.

At the Referee Hearing, Claimant testified via phone. She explained:

> I was following Governor Tom Wolf on Facebook and the Commonwealth of Pennsylvania and he posted things about who was eligible for Pandemic Unemployment Assistance. And it's people who are not eligible for regular employment, which was me at the time because my employment history was lacking. I had a lacking appropriate work history. I guess because of my spotty work history, I was kind of considered a gig worker, and just I was looking but my history was not solid enough to claim regular unemployment. So I had heard through Governor Tom Wolf that there was Pandemic Unemployment Assistance to help with bills. And because I was not eligible for regular [unemployment compensation benefits], I thought that given what he had stated and he had said, and then I was finally able to capture a screenshot of what he presented Pandemic Unemployment Assistance to be, I thought that I was eligible for it.

C.R., Item No. 25 at 3-4. Claimant also testified:

---

[2] Claimant received benefits effective February 2, 2020. *See* C.R., Item No. 19 at 1.

2

> [] I was actively looking to get back into the workforce, but everything was shut down because of COVID. I was looking here and there for something local for accounting at the time. Given that my history was spotty with employment and my last real accounting job was back in 2015, I was having trouble getting anybody to look at me because my experience was a little bit outdated, but I have a paper trail of jobs that I was applying to. I wasn't getting any calls back. I was getting rejection emails, but I was looking. And at that time that was when Governor Wolf posted that screenshot of the Pandemic Unemployment Assistance on Facebook stating that people who are not eligible for regular employment, which was me, if they were lacking an appropriate work history, which was also me.

*Id.* at 6. Claimant also discussed the difficulties associated with finding work while acting as a caretaker for her father-in-law, who had lung cancer. *Id.* at 4.[3]

Following the hearing, the Referee issued decisions dated August 8, 2023, affirming the Department's finding of ineligibility and assessment of non-fraud overpayments. C.R. Item Nos. 2, 5, 8, 11, 14, 17, 26, 31, 34, 37. The Referee found that:

> In the present case, the competent evidence before the [R]eferee indicates [C]laimant filed an application for PUA benefits with an effective date of February 2, 2020. [C]laimant was last employed in 2015 and was not rendered unemployed or partially unemployed by the COVID-19 pandemic. As such, [C]laimant is ineligible for PUA benefits.

---

[3] At the hearing, Claimant testified about the hardships she would face if required to pay back the overpayment amounts. C.R., Item No. 25 at 6. Claimant stated that at the time of the hearing, she had filed for a waiver of the overpayments, but her waiver request had not been ruled on. *Id.* at 5. The Referee explained to Claimant that the waiver issue is outside the scope of the instant appeals, but that she would have the opportunity to submit another appeal once she received a determination from the Department on the waiver request. *Id.*

C.R., Item No. 2 at 4.  Claimant appealed the Referee's decisions to the Board, which affirmed by decisions and orders dated December 11, 2023.  C.R., Item Nos. 3, 6, 9, 12, 15, 18, 29, 32, 35, 38.  The Board concluded that,

> [o]n appeal, [C]laimant generally argues the Referee erred in determining that she was not eligible for Pandemic Unemployment Assistance (PUA) benefits and that she had overpayments.  However, the Claimant testified that she had not been employed since 2015 and failed to establish that she met any of the criteria in Section 2102 of the [Coronavirus Aid, Relief, and Economic Security Act (CARES Act), 15 U.S.C. § 9021,] to be deemed eligible for PUA benefits.  Consequently, we must affirm the Referee's decision.

C.R., Item No. 3 at 1.  The Board affirmed the assessment of non-fraud PUA overpayments in the amount of $4,875 and $9,750; non-fraud FPUC overpayments of $7,500 and $13,500; and an LWA overpayment of $1,800.  *Id.*  Claimant petitioned this Court for review of the Board's determinations.[4]

## II. Relevant Law

PUA benefits are available under Section 2102 of the CARES Act, 15 U.S.C. § 9021.  In order to be eligible for PUA benefits, a claimant must be a "covered individual," which is defined as someone who

> is otherwise able to work and available for work within the meaning of applicable State law, except the individual is unemployed, partially unemployed, or unable or unavailable to work because . . . the individual was scheduled to commence employment and does not have a job or is unable to reach the job *as a direct result of the COVID-19 public health emergency*[.]

---

[4] By order dated February 23, 2024, this Court consolidated Claimant's petitions for review.

15 U.S.C. § 9021(a)(3)(A)(ii)(I)(gg) (emphasis added).

FPUC benefits are available under Section 2104 of the CARES Act to individuals who "with respect to any week for which the individual is (disregarding this section) otherwise entitled under the State law to receive regular compensation[.]" 15 U.S.C. § 9023.

Finally, LWA benefits are authorized by an August 8, 2020 Presidential Memorandum[5] titled "Authorizing the Other Needs Assistance Program for Major Disaster Declarations related to Coronavirus Disease 2019" based on Section 408(e)(2) of the Robert T. Stafford Disaster Relief and Emergency Assistance Act, 42 U.S.C. § 5174(e)(2). LWA benefits are available for "eligible claimants," which is defined to include individuals who receive "for the week lost wages assistance is sought, at least $100 per week of" PUA or regular unemployment compensation benefits. With this legal landscape in mind, we turn to the parties' arguments on appeal.

### III. Parties' Arguments

In her brief, Claimant argues that she was eligible for PUA benefits under the CARES Act. She contends that she was a "covered individual" as defined therein as she "was unemployed as a direct result of the pandemic." Claimant's Br. at 12. She explains that she had been actively seeking employment prior to the COVID-19 pandemic but was unable to secure a local job in accounting, as "everything was shut down due to the pandemic." *Id.*

The Board argues that it properly determined Claimant was not a "covered individual" as defined by the CARES Act. It argues that her

---

[5] The Memorandum can be accessed at https://trumpwhitehouse.archives.gov/presidential-actions/memorandum-authorizing-needs-assistance-program-major-disaster-declarations-related-coronavirus-disease-2019 (last visited Mar. 11, 2025).

unemployment predated the COVID-19 pandemic by several years, and that while the pandemic may have increased the difficulty of finding employment, her lack of employment was not "because" of COVID-19. Board's Br. at 7-8. The Board notes that by Claimant's own admission, her employment history was "outdated," and she was not receiving callbacks after applying for jobs. *Id.* at 8.

## IV. Discussion[6]

In the instant case, we agree with the Board that Claimant was properly found ineligible for PUA, FPUC, and LWA benefits and assessed overpayments for the same. In its determination, the Board adopted the finding of facts of the Referee, which concluded, based on Claimant's own testimony, that Claimant had not worked since 2015[7] and was not attached to the labor market at the time of the COVID-19 pandemic.

In *Daly v. Unemployment Compensation Board of Review* (Pa. Cmwlth., Nos. 104-07 C.D. 2023, filed July 11, 2024),[8] this Court affirmed the Board's denial of PUA benefits to a claimant who had been employed under the table as a nanny and pet sitter as recently as March 2020 but could not provide documentation of wages. The *Daly* claimant's work was similar to the sort of "gig" work that Claimant purports to have last been employed in here. The *Daly* Court

---

[6] This Court's review is limited to considering whether constitutional rights were violated, whether errors of law were committed, and whether the findings of fact were supported by substantial evidence. *Sheets v. Unemployment Comp. Bd. of Rev.*, 708 A.2d 884, 885 n.3 (Pa. Cmwlth. 1998).

[7] Claimant's brief suggests, in part, that she was laid off in November 2019. Claimant's Br. at 12. However, this appears to be a typographical error on the part of Claimant's counsel as the statement is unsupported by the record. Elsewhere, the brief confirms Claimant's testimony that she was last employed in 2015. *See* Claimant's Br. at 8 ("[Claimant's] last formal employment was in 2015.").

[8] Pursuant to Section 414(a) of this Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a), an unreported panel decision issued by this Court after January 15, 2008, may be cited "for its persuasive value, but not as binding precedent."

6

concluded that "Claimant['s] testimony was insufficient to demonstrate[ ] that she was attached to the labor market at the time of the COVID-19 pandemic" and thus denied PUA benefits. *Id.* In the instant case, where Claimant's employment history is even further removed from her receipt of PUA benefits, we see no reason to depart from such reasoning.

Accordingly, we find no error in the Board's conclusion that Claimant was unable to find employment due to her outdated work history, rather than "as a direct result of the COVID-19 public health emergency," as required to be eligible for PUA benefits under Section 2102 of the CARES Act.

We reach the same conclusions with regard to the Board's determinations regarding FPUC and LWA benefits. The CARES Act states that FPUC benefits are only available to those that are "otherwise entitled under the State law to receive regular compensation." 15 U.S.C. § 9023. Here, Claimant testified and acknowledges that she was not entitled to benefits under Pennsylvania's Unemployment Compensation Law[9] and thus sought federal assistance instead. *See* C.R., Item No. 25 at 3; *see also* Claimant's Br. at 9. Accordingly, Claimant was not entitled to FPUC benefits. 15 U.S.C. § 9023. Last, we conclude that Claimant did not qualify as an "eligible claimant" for LWA benefits, which assists those entitled to receive $100 per week of PUA or regular unemployment compensation benefits. Because Claimant was entitled to neither, the Board also properly deemed her ineligible for LWA benefits.

## V. Conclusion

For the reasons set forth above, we conclude that the Board correctly established that Claimant was ineligible for PUA, FPUC, and LWA benefits and

---

[9] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §§ 751-919.10.

properly assessed corresponding non-fraud overpayments. For the foregoing reasons, the Boards's orders are affirmed.

_____
MATTHEW S. WOLF, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Lisa M. Nowak, | : | **CASES CONSOLIDATED** |
| Petitioner | : | |
| | : | |
| v. | : | Nos. 5-14 C.D. 2024 |
| | : | |
| Unemployment Compensation | : | |
| Board of Review, | : | |
| Respondent | : | |

# **O R D E R**

AND NOW, this 12th day of March 2025, the orders of the Unemployment Compensation Board of Review, mailed December 11, 2023, are AFFIRMED.

_____
MATTHEW S. WOLF, Judge