# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Holly Giffin, : 
                Petitioner : 
     : 
     : 
        v. :   No. 725 C.D. 2023
     : 
Unemployment Compensation Board : 
of Review, : 
                Respondent :   Submitted: April 8, 2025


BEFORE:   HONORABLE ANNE E. COVEY, Judge
              HONORABLE MATTHEW S. WOLF, Judge
              HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


## OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE WOLF                                   FILED: May 7, 2025


Holly Giffin (Claimant), *pro se*, petitions for review of an order of the Unemployment Compensation Board of Review (Board) dated March 16, 2023, affirming the Referee's decision assessing non-fraud overpayments of Federal Pandemic Unemployment Compensation (FPUC) benefits she received for the weeks ending May 30, 2020, and June 6, 2020. Finding no error, we affirm the Board's order.

In May 2020, Claimant filed an application for benefits and began receiving FPUC benefits supplemental to Pandemic Unemployment Assistance (PUA) benefits. Certified Record (C.R.) at 3. On September 9, 2021, the Unemployment Compensation Service Center (Service Center) issued Claimant a Notice of Determination concluding she was ineligible for FPUC benefits for the weeks ending May 30, 2020, and June 6, 2020, and assessing a $120 overpayment

of FPUC benefits for that period (Overpayment Determination). *Id.* at 10. Claimant appealed the Overpayment Determination, along with other Service Center determinations not at issue here,[1] to a Referee. *Id.* at 22. In her appeal form, Claimant stated that she disagreed with the Overpayment Determination because her "position was eliminated" because of the financial hardship placed on her employer due to "the ongoing lockdown." *Id.* at 23.

On February 17, 2022, the Board issued Claimant a notice of a Referee hearing scheduled for March 9, 2022. C.R. at 46. Claimant failed to appear at the telephonic Referee hearing. *Id.* at 58-60. The Referee addressed multiple appeals by Claimant from multiple determinations, including the Overpayment Determination. *Id.* Following the hearing, the Referee affirmed the Overpayment Determination and found that Claimant had been properly assessed a $120 FPUC overpayment for the weeks ending May 30, 2020, and June 6, 2020. *Id.* at 74.

Claimant appealed the Referee's decision to the Board. In her appeal form, Claimant asserted that the Referee erred in finding her ineligible for FPUC benefits because her position was eliminated. C.R. at 66.

On appeal, the Board affirmed the Referee's decision. C.R. at 85-86. The Board stated that it could not consider comments offered by Claimant in her appeal form and noted that she had failed to appear at the Referee hearing, at which she had the burden of proving her eligibility for benefits. *Id.* Claimant petitioned this Court for review.

---

[1] The Board decision on appeal (Board docket number 2022002621-BR) references a single Referee decision (Referee docket number 2021031152-AT), which in turn references only the Overpayment Determination (issued September 9, 2021, Determination ID number 8521008). C.R. at 10, 85-86. We glean from the record, however, that Claimant separately appealed other Service Center determinations finding her ineligible for PUA benefits and assessing PUA and further FPUC overpayments for different weeks. *Id.* at 74, 85-86.

On appeal,[2] Claimant argues the Board and the Referee erred in concluding that she was ineligible for benefits because her position was eliminated. She also argues that the Board erred in affirming the FPUC overpayment determination because the Service Center had already made payments of benefits.

Initially, we note that the only issue before this Court is whether Claimant was properly assessed an overpayment of $120 for FPUC benefits for the weeks ending on May 30, 2020, and June 6, 2020. The Referee hearing essentially consolidated several of Claimant's other appeals, and the Referee's and Board's decisions here discuss Service Center determinations addressing PUA eligibility and FPUC eligibility. But Claimant has petitioned for review of only a single Board decision at a single Board docket number here and did not challenge separate Board decisions at other docket numbers. *See* Board's Br. at 3 n.5 & accompanying text. The Board decision Claimant has appealed here identifies only the Overpayment Determination as being in issue. *See supra* note 1; C.R. at 85-86. As we have explained, the Referee and Board typically issue a separate decision with respect to each Service Center determination a claimant has appealed, even if the Referee consolidates those appeals for the hearing, and a claimant must file a separate petition for review with respect to each separate Board decision. *See Bitar v. Unemployment Comp. Bd. of Rev.* (Pa. Cmwlth., No. 1606 C.D. 2022, filed Dec. 6, 2024), slip op. at 11-12, 2024 WL 5002514;[3] *Mull v. Unemployment Comp. Bd. of Rev.* (Pa. Cmwlth., No. 1518 C.D. 2022, filed Dec. 21, 2023), slip op. at 5-6, 2023

---

[2] This Court's review is limited to considering whether constitutional rights were violated, whether errors of law were committed, and whether the findings of fact were supported by substantial evidence. *Sheets v. Unemployment Comp. Bd. of Rev.*, 708 A.2d 884, 885 n.3 (Pa. Cmwlth. 1998).

[3] Pursuant to Section 414(a) of this Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a), an unreported panel decision issued by this Court after January 15, 2008, may be cited "for its persuasive value, but not as binding precedent."

WL 8827109. This remains true even where the content of each Board decision is identical, except for the Board docket number (each such docket number corresponding to a Referee docket number and underlying Service Center determination). *See Mull*, slip op. at 5-6. Because Claimant has appealed only the Board decision corresponding to the Overpayment Determination, only the FPUC overpayment is before this Court. *Bitar*, slip op. at 11-12; *Mull*, slip op. at 5-6. Accordingly, we are constrained to consider only whether the Board properly affirmed the assessment of $120 in FPUC overpayments for the weeks ending May 30, 2020, and June 6, 2020, and to treat the Board's other decisions, not appealed by Claimant, as final and binding. Claimant's arguments also address the merits of the determination that she was ineligible for benefits, but that issue is not properly before us.

With the proper scope of this appeal in mind, we turn to the relevant law. Assessment of FPUC overpayments is proper where an individual received funds to which they were not eligible. Section 2104(f)(2) of the Coronavirus Aid, Relief, and Economic Security Act (CARES Act) of 2020 states: "In the case of individuals who have received amounts of [FPUC] . . . to which they were not entitled, the State shall require such individuals to repay the amounts of such [FPUC] . . . to the State agency . . . ." 15 U.S.C. § 9023(f)(2).

The CARES Act provides that individuals who are eligible for various forms of unemployment benefits, including PUA, are eligible for supplemental FPUC benefits. Section 2104 of the CARES Act, 15 U.S.C. § 9023. As FPUC benefits are merely supplemental, eligibility for FPUC necessarily flows from eligibility for some other form of unemployment benefit, such as PUA. *Id.* Thus,

4

where an individual is ineligible for the underlying benefit, they are also ineligible for FPUC. *Id.*

PUA benefits are available under Section 2102 of the CARES Act, 15 U.S.C. § 9021. In order to be eligible for PUA benefits, a claimant must be a "covered individual," which is defined as someone who

> is otherwise able to work and available for work within the meaning of applicable State law, except the individual is unemployed, partially unemployed, or unable or unavailable to work because . . . the individual was scheduled to commence employment and does not have a job or is unable to reach the job as a direct result of the COVID-19 public health emergency[.]

Section 2102(a)(3)(A)(ii)(I)(gg) of the CARES Act, 15 U.S.C. § 9021(a)(3)(A)(ii)(I)(gg).

With respect to the overpayments, Claimant argues that she should not be required to pay back funds distributed following "reassessment" of her eligibility after receipt of funds, claiming that repayment would cause undue hardship. Claimant's Br. at 12. This argument may be an appropriate basis for seeking a waiver of overpayments,[4] but it is not a legal basis upon which this Court may find that overpayments were improperly assessed. As the Board aptly notes, these funds were distributed based upon an individual's self-certification of eligibility as a result of the emergent nature of the COVID-19 pandemic and the employment challenges it presented. Board's Br. at 8.

---

[4] Repayment of FPUC overpayments may be waived if the Department determines that the payment of benefits was without fault and "such repayment would be contrary to the equity and good conscience." 15 U.S.C. § 9023(f). A request for a waiver of repayment must be initiated by Claimant with the Department and decided in a separate proceeding.

As noted above, eligibility for supplemental payments under FPUC flows from eligibility for payments under some other unemployment compensation program. Here, Claimant was receiving payments under PUA. Now, where a final and binding order of the Board found that Claimant was not eligible for PUA benefits, we are constrained to find that she also was not eligible for the payment of FPUC for the weeks ending May 30, 2020, and June 6, 2020. Here, where Claimant was in receipt of $120 in FPUC payments for the weeks ending May 30, 2020, and June 6, 2020, but not eligible for such payments, the overpayment was properly assessed.

Accordingly, finding no error in the Board's order, we affirm.

_____
MATTHEW S. WOLF, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Holly Giffin, : 
                 Petitioner : 
            :
            :
           v. :    No. 725 C.D. 2023
            :
Unemployment Compensation Board : 
of Review, :
           Respondent :

# **O R D E R**

AND NOW, this 7th day of May 2025, the order of the Unemployment Compensation Board of Review, dated March 16, 2023, is AFFIRMED.

_____
MATTHEW S. WOLF, Judge