IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Victoria D. Corbin,                      :
                          Petitioner     :
                                         :
          v.                             :
                                         :
Unemployment Compensation                :
Board of Review,                         :    No. 1790 C.D. 2024
                          Respondent     :    Submitted: March 3, 2026

BEFORE:   HONORABLE MICHAEL H. WOJCIK, Judge
          HONORABLE CHRISTINE FIZZANO CANNON, Judge
          HONORABLE MATTHEW S. WOLF, Judge


OPINION
BY JUDGE FIZZANO CANNON                              FILED: April 10, 2026


          Victoria D. Corbin (Claimant), *pro se*, petitions for review of the December 9, 2024 order (Modified Order) of the Unemployment Compensation Board of Review (Board), which modified the determination of the referee denying Claimant's requests to backdate all claims pursuant to Section 401(c) of the Unemployment Compensation Law (UC Law)[1] and Section 65.43a of the Department of Labor and Industry's (Department) related Regulations. 34 Pa. Code § 65.43a (relating to extended filing). The Modified Order granted backdating for claim weeks ending April 16, 2022, through April 23, 2022, but denied backdating for claim weeks ending September 4, 2021, through April 9, 2022. Upon review, we affirm the Modified Order in part, reverse in part, and remand this matter to the Board for further proceedings.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 801(c).

## I. Background

Claimant filed an application for unemployment compensation (UC) benefits on June 9, 2021 after the termination of her employment with American Airlines. Certified Record (C.R.) at 4-5. The application process required Claimant to verify her identity through ID.me,[2] which she refused to do because she had read of instances of identity theft. *Id.* at 64-65. The Department accommodated Claimant's refusal by advising that she submit photos of her driver's license and her social security card directly to the Department through its Careerlink website instead of using ID.me. *Id.* at 109.

On August 5, 2021, Claimant submitted the requisite documentation to the Department through its Careerlink website, but the Department was unable to verify her identity. C.R. at 109. After the failed verification, Claimant attempted to have her documents scanned and faxed in person at a Careerlink office. *Id.* at 64. Her identity remained unverified until May of 2022 when the Department advised her to re-upload photos of both the front and back of her driver's license. *Id.* at 64 & 110. Prior to the verification of Claimant's identification, she attempted to file her weekly claims for claim weeks ending September 4, 2021, through April 23, 2022, but was unable to do so because identity verification was a prerequisite for filing. *Id.* at 69 & 109-11.

On May 2, 2022, Claimant sought backdating for claim weeks ending September 4, 2021, through April 23, 2022, pursuant to Section 401(c) of the UC Law, 43 P.S. § 801(c). C.R. at 13. The Department denied Claimant's requests on September 20, 2022, and Claimant timely appealed the decision. *Id.* at 27 & 40. A referee thereafter held a hearing where Claimant appeared and testified, and the

---

[2] ID.me is the vendor used by the Department to verify a claimant's identity when applying for and obtaining UC benefits.

referee subsequently denied all of Claimant's backdating requests due to Claimant's "[failure to] make reasonable efforts" to timely file her claims. *Id.* at 53 & 91.

Claimant appealed the referee's decision to the Board, which issued the Modified Order affirming the referee's decision as modified. C.R. at 111. The Modified Order denied Claimant's requests for backdating for claim weeks ending September 4, 2021, through April 9, 2022, but granted two weeks of backdating for claim weeks ending April 16, 2022, through April 23, 2022, because, in relation to those claim weeks, "[C]laimant made all reasonable and good faith efforts to file timely but was unable to do so through no fault of her own." *Id.*

On December 20, 2024, Claimant requested a "petition packet" from this Court. *Pro Se* Letter, 12/20/24. This Court subsequently notified Claimant that she must file a petition for review pursuant to the Pennsylvania Rules of Appellate Procedure to perfect her appeal. Cmwlth. Ct. Notice, 12/23/24; *see also* Pa.R.A.P. 121 & 1512-14. However, this Court preserved December 20, 2024, as Claimant's date of filing, and Claimant filed a petition for review on January 21, 2025. Pet. for Review at 1. After Claimant petitioned for review with this Court, she also filed a Request for Reconsideration with the Board on December 23, 2024, which the Board subsequently denied. C.R. at 120 & 124.

## II. Issues

Before this Court,[3] Claimant argues that the Board abused its discretion by denying backdating for claim weeks ending September 4, 2021, through April 9,

---

[3] This Court's review of the Board's order is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether necessary findings of fact were supported by substantial evidence. *Hessou v. Unemployment Comp. Bd. of Rev.*, 942 A.2d 194, 197 (Pa. Cmwlth. 2008) (citing *Sheets v. Unemployment Comp. Bd. of Rev.*, 708 A.2d 884

3

2022. Claimant's Br. at 5. Specifically, Claimant maintains that she was required to file for backdating only because the Board failed to approve her identification documents in a timely manner. *Id.* She also avers that the Board denied backdating without considering both her reasonable good faith efforts and the Department's mistakes. *Id.* at 6 & 10.

The Board argues that Claimant had an affirmative duty to follow the Department's identity verification procedures. Board's Br. at 15. As such, the Board maintains that it properly addressed the matter under the Department's regulations, which permit only two weeks of backdating when the Claimant "makes all reasonable and good faith efforts to file timely but is unable to do so through no fault of the [C]laimant." *Id.* at 7 & 9; *see also* 34 Pa. Code § 65.43a(e).

### III. Discussion

Section 401(c) of the UC Law provides, in relevant part, that

> [c]ompensation shall be payable to any employe who is or becomes unemployed, and who –
>
> . . .
>
> (c) Has made a valid application for benefits with respect to the benefit year for which compensation is claimed and has made a claim for compensation in the proper manner and on the form prescribed by the department[.]

---

(Pa. Cmwlth. 1988)). In unemployment compensation cases, the Board is the ultimate factfinder, and its findings are conclusive on appeal so long as the record, taken as a whole, contains substantial evidence to support those findings. *Hessou*, 942 A.2d at 198 (first citing *Peak v. Unemployment Comp. Bd. of Rev.*, 501 A.2d 1383 (Pa. 1985); and then citing *Taylor v. Unemployment Comp. Bd. of Rev.*, 378 A.2d 829 (Pa. 1977)).

4

43 P.S. § 801(c). A claimant must "file a claim for compensation for a week no later than the last day of the second week after the end of the week claimed." 34 Pa. Code § 65.43. If a claimant fails to timely file a claim, the claimant may still be entitled to backdate the claim if the reason for the claimant's untimeliness falls within one of the enumerated exceptions within Section 65.43a of the Department's regulations. *See Mitcheltree v. Unemployment Comp. Bd. of Rev.*, 635 A.2d 701, 703-04 (Pa. Cmwlth. 1993);[4] 34 Pa. Code § 65.43a. Section 65.43a(e) of the Department's regulations, 34 Pa. Code § 65.43a(e), identifies how many weeks a claim can be backdated for the relevant accepted reasons for untimeliness as follows:

> A UC Office fails to accept a filing as a result of error or mistake by the Department (52 weeks);
>
> . . .
>
> Other, if the claimant makes all reasonable and good faith efforts to file timely but is unable to do so through no fault of the claimant (2 weeks).

34 Pa. Code § 65.43a(e).[5] A claimant bears the burden of proving that his application satisfies the requirements for backdating a claim for benefits, and "ignorance of the UC claim process and/or negligence is not a basis upon which this Court may reverse the Board's decision." *Naborn v. Unemployment Comp. Bd. of Rev.*, 246 A.3d 373, 380 (Pa. Cmwlth. 2021); *Egreczky v. Unemployment Comp. Bd. of Rev.*, 183 A.3d 1102, 1106 (Pa. Cmwlth. 2017).

---

[4] *Mitcheltree*, 635 A.2d at 703-04, cited 34 Pa. Code § 65.33, which was a previous codification of the regulation now codified at 34 Pa. Code § 65.43a.

[5] Section 65.43a(e) also provides for backdating related to the Department's impaired functioning due to excessive volume of telephone calls, the malfunction of a method used to file claims, the sickness or death of a member of the claimant's family, and the unexpected consequences of the COVID-19 pandemic. 34 Pa. Code § 65.43a(e). However, we have omitted each of these because they are not relevant in this matter.

Here, Claimant argues that she is entitled to 52 weeks of backdating due to the Department's failure to verify her identity. Claimant's Br. at 5; *see* 34 Pa. Code § 65.43a(e). She specifically avers that she would not have had to request backdating but for the Department's failure to provide identity verification instructions in "due time." *Id.* at 5 & 10. We agree. The Board determined in its December 9, 2024 order that Claimant "made all reasonable and good faith efforts to file timely but was unable to do so through no fault of her own," thereby entitling her to two weeks of backdating pursuant to Section 65.43a(e). C.R. at 111; 34 Pa. Code § 65.43a(e). Its rationale was solely based on Claimant's continual unsuccessful attempts to verify her identity. C.R. at 111. However, the record shows that such attempts were unsuccessful because the Department failed to instruct Claimant to upload photos of the front and back of her driver's license. *Id.* at 64. While the Department generally required claimants to verify their identities through ID.me prior to filing UC claims, it authorized an alternative identity verification method via its Careerlink website due to Claimant's identity theft concerns. C.R. at 41, 64 & 69. Because the Department expressly authorized Careerlink as an alternative, the Department was required to instruct Claimant on how to properly use the service.[6] The Department failed to provide appropriate instructions to Claimant.

This Court has not yet addressed the issue of whether the Department's failure to instruct a claimant on proper identity verification procedures constitutes an error or mistake by the Department under Section 65.43a(e). 34 Pa. Code § 65.43a(e). However, in *Phuong Pham v. Unemployment Compensation Board of*

---

[6] While "ignorance of the UC claim process and/or negligence is not a basis upon which this Court may reverse the Board's decision," the Department knowingly provided an identity verification alternative to complete the UC claim process. *Naborn,* A.3d at 380. Thus, any arguments about Claimant's negligent reliance on Facebook rumors are meritless.

6

*Review*, 339 A.3d 1047, 1052 (Pa. Cmwlth. 2025), this Court reversed the determination of the Board which denied a claimant's Pandemic Unemployment Assistance claim on the basis that she "failed to provide information to authenticate [her] identity under Section 2101(a)(3)(A)(ii)(I) of the CARES Act."[7] This Court noted that while the Department may have required the claimant to verify her identity beyond providing her driver's license number, the record was devoid of any evidence showing that Claimant should have been on notice regarding how she was required to verify her identity. *Id.* at 1053. Moreover, this Court also held that the Board's findings of fact and conclusions of law were inadequate to support the Board's conclusion that the claimant failed to verify her identity. *Id.*

We find *Phuong Pham*, 339 A.2d at 1052-53, persuasive under the facts of this case. Here, the Department authorized the Careerlink alternative during a phone call with Claimant. C.R. 64. Claimant contends that she was instructed only to "upload [her] documents," after which she only uploaded the front of her driver's license and social security card. *Id.* at 109. While the Board argues that Claimant failed to properly verify her identity, both the record and the Board's findings of fact are devoid of any conclusions that suggest Claimant failed to reasonably follow the instructions she was given. To the contrary, the Board's findings of fact indicate that Claimant immediately uploaded both the front and back of her license upon later being told to do so by the Department. *Id.* at 109-10.

The plain language of Section 65.43a(e) of the Department's regulations is particularly instructive in this matter. 34 Pa. Code § 65.43a(e); *see also Commonwealth v. Stotelmeyer*, 110 A.3d 146, 149 (Pa. 2015) ("[Legislative] intent is best expressed through the plain language of the statute.") Section 65.43a(e)

---

[7] 15 U.S.C. § 9021(a)(3)(A)(ii)(I).

provides that a claimant is entitled to 52 weeks of backdating if "[(1)] [a] UC office fails to accept a filing [(2)] as a result of error or mistake by the Department."[8] *Id.* Here, we conclude that the Department's failure to provide Claimant with sufficient identity verification instructions rises to Department error under Section 65.43a(e). As emphasized previously, the Department chose to authorize an alternative identity verification method for Claimant but failed to provide sufficient instructions. Claimant noted that she originally only uploaded the front of her license and social security card to the Careerlink website "[p]er UC rep instructions." C.R. at 100. Further, upon seeking assistance for her unverified identity, one of Claimant's emails stated that "[she] was advised by a PA UC Rep . . . that [she] could upload [her] PA license and Social Security Information to the upload area of My Dashboard site." *Id.* at 73. Such general instructions do not specify that Claimant was required to submit both the front and back of her license to verify her identity. Because a claimant is unable to submit a UC filing until her identity is verified, the Department's failure to supply Claimant with proper instructions precluded her from filing the required identification in the first instance. *See* C.R. at 109. The record demonstrates that Department's insufficient instructions were the only reason Claimant was unable to verify her identity through Careerlink. Therefore, the Department was the sole cause of the UC Office's failure to accept Claimant's filing, and the Department erred under Section 65.43a(e). 34 Pa. Code § 65.43a(e).[9]

---

[8] Numerical alterations are made for demonstrative interpretation purposes.

[9] Such an interpretation is distinguishable from this Court's analysis of claimant-fault situations in cases such as *Humes v. Unemployment Compensation Board of Review* (Pa. Cmwlth., No. 1929 C.D. 2017, filed July 24, 2018). In *Humes*, the claimant argued that he ceased filing UC claims because the Board's mailings misled him into believing his appeals process had concluded. *See* 210 Pa. Code § 69.414(a) (providing that unreported decisions of the Commonwealth Court

Because the Department's insufficient instructions were the sole reason Claimant was unable to verify her identity and thus, was unable to file UC claims, the Board erred in refusing to grant Claimant's backdating requests for claim weeks ending September 4, 2021, through April 9, 2022.[10]

## IV. Conclusion

Based on the foregoing discussion, the Modified Order is affirmed as to the weeks ending April 16 and 23, 2022, reversed as to the weeks ending September 4, 2021, through April 9, 2022, and the matter is remanded to the Board for recalculation of Claimant's UC benefits, consistent with this opinion.

_____
CHRISTINE FIZZANO CANNON, Judge

---

issued after January 15, 2008, may be cited for their persuasive value). This Court determined that there was no error by the Board or Department because the claimant failed to review the UC claim appeal documents with sufficient thoroughness; thus, it was the claimant's ignorance that led to the claimant's erroneous belief that he no longer needed to file UC claims. *Id*., slip op. at 8. As a result, the non-existence of the claimant's filing was not due to the Department's actions. *Id*. Here, by contrast, the Department erred because the record demonstrates that the non-existence of a complete and correct filing was solely due to the Department's actions or inactions.

[10] In light of this Court's holding, we need not address Claimant's second issue.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Victoria D. Corbin, : 
                     Petitioner : 
                                 : 
          v. : 
                                 : 
Unemployment Compensation : 
Board of Review, :    No. 1790 C.D. 2024
                     Respondent : 

# **O R D E R**

AND NOW, this 10th day of April, 2026, the December 9, 2024 order (Modified Order) of the Unemployment Compensation Board of Review (Board) is AFFIRMED to the extent that the Board granted two weeks of backdating for claim weeks ending April 16, 2022, through April 23, 2022. The Modified Order is REVERSED to the extent that it denied Claimant's requests for backdating for claim weeks ending September 4, 2021, through April 9, 2022. This case is REMANDED to the Unemployment Compensation Board of Review for recalculation of Claimant's unemployment compensation benefits, consistent with the foregoing opinion. Jurisdiction is relinquished.

_____
CHRISTINE FIZZANO CANNON, Judge